UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00181-MOC

| | | |
|---|---|---|
| **ERIC LAMONT WHITENER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **SARA REVELL,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on preliminary review of petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255,[1] filed February 29, 2012, in the Eastern District of North Carolina, and transferred to this district on March 20, 2013

In such petition, signed under penalty of perjury, petitioner represents to the court that he has not "filed petitions for habeas corpus, motions under 28 U.S.C. § 2255, or any other applications, petitions or motions with respect to this conviction." Motion at ¶ 11.[2] Such representation is patently false as petitioner previously challenged the underlying conviction in United States v. Whitener, 3:90cv85-3-P by later filing a motion seeking Section 2255 relief in Whitener v. United States, 3:97cv262 (W.D.N.C. 1997), which this court denied in 1997 (see Order (#6) and Judgment (#7)) and again in 2007 (see Order (#13)) after petitioner filed a "Motion to Vacate" (#10) the previous Order. Petitioner's appeal of the 2007 Order denying the "Motion to Vacate" was dismissed by the Fourth Circuit. Whitener v. United States, No. 08-

---

[1] The United States Court for the Eastern District of North Carolina construed petitioner's § 2241 motion as one made under § 2255.
[2] In fairness, petitioner later discusses "the district court's error in dismissing petitioner's first 2255 with prejudice . . . ." Motion at ¶ 13.

1

6300 (4th Cir. July 2, 2008).[3] As it appears that petitioner may have perjured himself, the court will instruct that a copy of this Order be sent to the United States Attorney for whatever action she deems appropriate.[4]

Putting aside such misrepresentation, the previous filing and unfavorable disposition of Whitener v. United States, 3:97cv262 (W.D.N.C. 1997) makes the filing of the instant Motion to Vacate a second or subsequent petition under the Antiterrorism and Effective Death Penalty Act (hereinafter the "AEDPA"). See 28 U.S.C. § 2255. Rule 9 of the Rules Governing Section 2255 Proceedings provides, as follows:

> **Rule 9. Second or Successive Motions**
> Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8.

Rule 9, 28 U.S.C.A. foll. § 2255. The AEDPA requires that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . ." before it can be filed in the district court. Id. "Before a second or successive application [for habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, this court may not consider the merits of petitioner's claims because he failed to first obtain authorization from the Court of Appeals for the Fourth Circuit before filing such second petition.

---

[3] In the underlying criminal action, the court reduced petitioner's sentence on November 13, 2013, pursuant to "Crack II" as to Counts 3 & 11 from life imprisonment to 360 month in accordance with 28 U.S.C.§ 994(u). See United States v. Whitener, supra, at (#110). The 105 years consecutive imposed by Judge Potter on the other counts of conviction remained the same.

[4] Review of the pleadings transferred from the Eastern District of North Carolina reveals that such misrepresentation may have resulted in the court and the United States Attorney in that district expending substantial resources on a matter that, had petitioner been forthcoming, would have been summarily dismissed.

2

# ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED WITHOUT PREJUDICE** for failure to first move in the appropriate court of appeals for an order authorizing the district court to consider the application; and

(2) the Clerk of Court shall send a copy of this Order to the United States Attorney for the Western District of North Carolina as it appears that such petition may contain a false averment.

Signed: March 21, 2013

Max O. Cogburn Jr.
United States District Judge